## Case No. 5,506.

### GOHEN v. TEXAS PAC. RY. CO.

[2 Woods, 346.][1]

Circuit Court, W. D. Texas. April Term, 1876.

DEATH BY WRONGFUL ACT—COMPENSATORY DAMAGES—EXEMPLARY DAMAGES.

1. The act of the legislature of Texas, of February 2, 1860 [Laws 1860, p. 32], which gave a right of action for damages to the surviving husband, wife, child, children, or parents of any person whose life was lost by the negligence or carelessness of the proprietors, etc., of any railrord, steamboat, etc., entitled the plaintiff to recover compensatory damages only.

2. Said act is not abrogated by section 30 of the constitution of Texas of 1869, which makes "every person, corporation, etc., that may. commit a homicide through willful act or omission, responsible in exemplary damages to the surviving husband, widow, heirs, of his or her body, or such of them as there may be, separately and consecutively."

Heard on special exceptions to the plaintiff's petition.

The plaintiff [Patience Gohen], a citizen of the state of New York, and mother and sole surviving parent of Edward L. Gohen, brought suit against the Texas Pacific Railway Company, to recover damages resulting from the death of her son, who was employed as a fireman by the said company, and was accidentally killed while so employed, through the alleged fault and negligence of the company. The question raised by the exceptions was the right of the plaintiff to sue.

W. S. Herndon and George Hill, for plaintiffs.

William Steadman and I. P. Sexton, for defendant.

DUVAL, District Judge. By an act of the Texas legislature, passed February 2, 1860, it is provided: "If the life of any person is lost by reason of the negligence or carelessness of the proprietor or proprietors, owner, charterer, or hirer of any railroad, steamboat, * * * and the act, neglect, unskillfulness or default is such as would (if death had not ensued) have entitled the party injured to maintain an action for such injury, then, and in every such case, the person who would have been liable, if death had not ensued, shall be liable to an action for damages. * * * Every such action shall be for the sole and exclusive benefit of the surviving husband, wife, child, or children, and parents of the person whose death shall have been so caused, and may be brought by such entitled parties, or any one of them. * * * And in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death," etc.

By section 30 of the constitution of the state of Texas of 1869, it is provided: "Every person, corporation, or company, that may

commit a homicide, through willful act or omission, shall be responsible in exemplary damages to the surviving husband, widow, heirs of his or her body or such of them as there may be, separately and consecutively, without regard to any criminal proceeding that may or may not be had in relation to the homicide."

It is contended by the defendant that this constitutional enactment repeals the law of 1860, so far at least as the latter gave to a parent a right of action for the death of his or her child, and this position has been ably maintained by counsel.

It is admitted that no right of action, in such a case as this, existed at common law, which is unquestionably true, and that if it can be maintained at all, it must be by virtue of the act of 1860. There is no express repeal of this act. If repealed, it must be so by necessary implication; or, rather, as was held by the supreme court of the United States in Daviess v. Fairbairn, 3 How. [44 U. S.] 636, by a "positive repugnancy existing between the provisions of the new law and that of the old." The question is, does such positive repugnancy exist in this case? Does it follow, because the right of action, which is given to a parent by the act of 1860, is left out and not provided for by the constitutional provision of 1869, that, therefore, the latter repeals the former pro tanto?

To determine this question correctly, I have carefully considered the two enactments, and called to my aid in their construction the able arguments of counsel and authorities cited by them.

In my opinion, the act of 1860 was only intended to give compensatory damages. This, it seems to me, is apparent from the provision which limits the power of the jury in awarding damages to the injury sustained. I take it this means to the actual injury, as determined by the proof, and, therefore, excludes the idea of exemplary or punitory damages.

On the other hand the constitutional enactment, by its very terms, relates solely to exemplary damages; so that it is only by taking them both together, that the whole subject of damages is embraced. The latter cannot, therefore, be held to constitute the only or sole rule on this subject. It simply enlarges the measure of damages in favor of the surviving husband or wife, or the heirs of their bodies. It may be that the enactment of 1869, in authorizing exemplary damages to certain relatives of the deceased, would allow them to recover compensatory damages, upon the principle that the greater includes the less; but this would not operate as a repeal of the act of 1860.

Without attempting to elaborate my views on this subject, my conclusion is, that the constitutional enactment of 1869 does not repeal the act of 1860; that is, it is not positively repugnant to the latter, and that while it does not provide that a parent may

recover exemplary damages for the death of a child, it leaves unaffected his or her right to recover compensatory damages, as given by the act of 1860. One is a legislative, and the other an organic enactment in pari materia, and they can, I think, be fairly construed together, so as to give proper effect to both without our being driven to the necessity of deducing a repeal by implication, a result which the law never favors when it can be fairly avoided.

The exceptions are overruled.

[For charge to the jury at subsequent trial, see Case No. 5,507.]